UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Steven Tu,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C.H. Robinson Worldwide, Inc.<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff STEVEN TU (hereinafter "Plaintiff" or "Tu"), by and through his undersigned counsel, by way of Complaint against Defendant C.H. ROBINSON WORLDWIDE, INC., (hereinafter "Defendant" or "C.H. Robinson") states as follows:

## INTRODUCTION

1. Tu, plaintiff herein, brings this lawsuit because he is entitled to unpaid wages from C.H. Robinson for overtime work for which he did not receive overtime premium pay as required by the New Jersey Wage and Hour Laws and by the Fair Labor Standards Act, and for liquidated damages because C.H. Robinson's violations lacked a good faith basis.

2. Tu brings the claims herein because he was improperly denied overtime compensation due to C.H. Robinson's misclassification as Tu as an *exempt* employee and due to C.H. Robinson's unilateral, unjustified, reduction of Tu's salary.

## PARTIES

3. Plaintiff Tu is an individual who resides in the State of New Jersey.

4. Defendant C.H. Robinson is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Minnesota.

1

5. C.H. Robinson is one of the world's largest third party logistic providers delivering innovative supply chain solutions to more than 124,000 customers across the world.

6. It claims that it has offices in thirty nine (39) countries across five (5) continents and that it has two hundred and seven (207) branches in North America alone.

7. Tu was previously employed at C.H. Robinson to work at its Cranford, New Jersey office.

8. At all relevant times, Plaintiff Tu was individually engaged in interstate commerce or in the production of goods for interstate commerce.

9. At all relevant times, C.H. Robinson has been, and continue to be, an enterprise engaged in interstate commerce and/or the production of goods for interstate commerce in within the meaning of the FLSA, 29 U.S.C. § 201 et al.

10. Upon information and belief, at all relevant times, C.H. Robinson has had gross revenues in excess of $500,000.

11. Upon information and belief, at all relevant times, C.H. Robinson has used goods and materials produced in interstate commerce, and has employed two or more individuals who handled such goods and materials.

12. C.H. Robinson is, and has been, an "employer" as that term is defined in the Fair Labor Standards Act and the New Jersey Wage and Hour Law.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1337 and supplemental jurisdiction over Tu's state law claims pursuant to 28 U.S.C. § 1367.

14. In addition, the Court has jurisdiction over Tu's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff was employed at C.H. Robinson's office in this district, and thus all transgressions occurred in this district.

**FACTS**

16. Tu was employed by C.H. Robinson from 2012 until May 2018, when C.H. Robinson terminated Tu's employment.

17. Throughout Tu's employment with C.H. Robinson, he worked out of their Cranford, New Jersey office, and sometimes, out of his home in New Jersey as well.

18. Tu was employed in C.H. Robinson's Global Forwarding division.

19. Most of the employees on the Global Forwarding team were based out of the Global Forwarding Administration office in Wood Dale, Illinois, a suburb of Chicago.

20. Other personnel in the Global Forwarding division were spread throughout the country in 24 metropolitan areas including Atlanta, Boston, Chicago, Detroit, Houston, Miami, St. Louis and Los Angeles.

21. In approximately January 2016, Tu was moved to C.H. Robinson's Air Services Team.

22. Tu was one of the lowest level employees on that team.

23. As such, he did not supervise any employees, nor did he manage any department or subdivision of C.H. Robinson.

24. Tu reported to a director, and Tu's work was supervised by that director.

25. Tu was improperly classified as an exempt executive, and was thus not properly paid for the overtime compensation to which he was entitled.

26. In addition, Tu's salary had been $180,000 for years. However, several months before his employment ended, C.H. Robinson unilaterally, and without basis or justification, lowered his salary to $170,000/year.

27. This change was done without any warning or records indicating the basis for such a drastic change.

28. Tu did not receive proper and adequate notice in connection with his pay cut.

29. Nor did C.H. Robinson reduce his work load or work hours.

30. In fact, during his employment with C.H. Robinson, Tu generally worked a significant amount of overtime each week.

31. Tu frequently worked 60+ hours in a given week because he frequently had to work additional hours during the evening in order to be able to communicate with individuals in Asia and accommodate their schedule given the time difference.

32. Because of C.H. Robinson's misclassification of Tu as *exempt*, and because Tu worked each week for a period of hours exceed 40, Tu was entitled to receive overtime compensation.

33. Nevertheless, C.H. Robinson failed to compensate Tu in accordance with the Fair Labor Standards Act and the New Jersey Wage & Hour Laws.

### FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act- Overtime

34. Plaintiff Tu repeats and incorporates each of the preceding allegations as if fully set forth herein.

35. Under the FLSA, a plaintiff is entitled to receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a given workweek.

36. At all relevant times, C.H. Robinson had a policy and practice of refusing to pay

overtime compensation to their *non-exempt* employees for hours they worked in excess of forty hours per week to which Tu was entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

37. Tu was a *non-exempt* employee, as none of the FLSA exemptions apply to him.

38. To the extent that Defendant alleges that Plaintiff Tu was classified as *exempt* from overtime, such classification was improper.

39. And to the extent that Defendant claims that Plaintiff Tu was classified as *exempt* from overtime, any such status was nullified when Defendant improperly lowered Tu's salary without any basis and without any records.

40. All of the aforementioned conduct by Defendant constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

41. Defendant has not made a good faith effort to comply with the FLSA in regards to paying Plaintiff Tu's compensation.

42. As a result of Defendants' actions, Plaintiff Tu has been damaged and is entitled to recover unpaid overtime wages and an equal amount in liquidated damages, as well as attorney's fees and costs of suit.

**WHEREFORE**, Plaintiff demands judgment against Defendant for unpaid overtime wages, liquidated damages, pre-judgment interest, post judgment interest, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

## SECOND CAUSE OF ACTION

### Violation of the New Jersey Wage & Hour Law- Overtime

43. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

44. Under the New Jersey Wage & Hour Law, a plaintiff is entitled to receive one and

one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a given workweek, N.J.S.A. 34:11-56a4 and NJAC 12:56-6.1.

45. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week, in violation of N.J.S.A. 34:11-56a4.

46. Tu is a *non-exempt* employee, as he does not qualify as *exempt* under any of the NJ Wage & Hour Law exemptions.

47. To the extent that Defendant alleges that Plaintiff Tu was classified as *exempt* from overtime, such classification was improper, and is not dispositive on the matter.

48. And to the extent that Defendant claims that Plaintiff Tu was classified as *exempt* from overtime, any such status was nullified when Defendant improperly lowered Tu's salary without any basis and without any records.

49. As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all damages under the New Jersey Wage and Hour law, including without limitation unpaid overtime wages, pre-judgment interest, post judgment interest, liquidated damages, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

### THIRD CAUSE OF ACTION

**Unpaid Wages Under The Fair Labor Standards Act**

50. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

51. Defendant willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. 206

52. Defendant's violations of the FLSA as described in this Complaint have been willful

and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to compensating the Plaintiff.

53. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney fees and costs of the action, including interest, pursuant to the FLSA

**WHEREFORE**, Plaintiff demands judgment against Defendant for all damages under the FLSA, including without limitation unpaid wages, pre-judgment interest, post judgment interest, liquidated damages, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

## FOURTH CAUSE OF ACTION

### Unpaid Wages Under The New Jersey Wage & Hour Laws

54. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

55. Defendant willfully failed to pay Plaintiff's wages for hours worked in violation of the New Jersey Wage & Hour Laws.

56. Defendant's violations of the New Jersey Wage & Hour Laws as described in this Complaint have been willful and intentional. Defendant has not made a good faith effort to comply with the applicable laws with respect to compensating the Plaintiff.

57. Due to Defendant's New Jersey Wage & Hour Laws violations, Plaintiff is entitled to recover from Defendant, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney fees and costs of the action, including interest, pursuant to the New Jersey Wage & Hour Laws.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all

damages under the New Jersey Wage and Hour law, including without limitation unpaid wages, pre-judgment interest, post judgment interest, liquidated damages, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: August 12, 2019  **WANG, GAO & ASSOCIATES, P.C.**
*Attorney for Plaintiff Steven Tu*

 */s Heng Wang*_____
By:  Heng Wang, Esq. (HW 0786)
 36 Bridge Street
 Metuchen, NJ 08840
 Tel: (732) 767-3020
 Fax: (732) 343-6880